USCA1 Opinion

 

 December 14, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2258  LEO R. LAVIGNE, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ No. 95-1034  LEO R. LAVIGNE, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Lynch, Circuit Judges. ______________ ____________________ Leo R. Lavigne on brief pro se. ______________ Paul M. Gagnon, United States Attorney, and Peter E. Papps, First ______________ ______________ Assistant United States Attorney, on Motion for Summary Disposition for appellee. ____________________ ____________________ Per Curiam. Pro se petitioner Leo Lavigne appeals __________ ___ __ two district court orders that respectively denied his motion to vacate his sentence under 28 U.S.C. 2255 and his motion for relief from that denial under Fed. R. Civ. P. 60(b)(6). We have carefully reviewed the record and the parties' briefs on appeal. We affirm both district court orders. We comment briefly on petitioner's main arguments. 1. Petitioner maintains that he is entitled to relief from his sentence because his defense attorney rendered ineffective assistance by failing to raise certain arguments at petitioner's sentencing hearing. More specifically, petitioner claims that a prior state sentence was based on conduct that was part of his federal offense, and therefore his counsel should have objected to the inclusion of this sentence in the computation of petitioner's criminal history score under U.S.S.G. 4A1.2(a)(1) (1991). Petitioner also claims that counsel should have moved to reduce his federal sentence by the amount of time he had already served on his prior state sentence under U.S.S.G.  5G1.3(b), n.3. Both of these claims are based on petitioner's conclusory assertion that his prior state sentence arose from conduct that was part of his federal offense. This assertion is based on two factual allegations: (1) that petitioner's state and federal convictions occurred within the same -3- general time frame of the conspiracy charged in the federal indictment (i.e., 1984-1991), and (2) that the cocaine from petitioner's prior conviction was included in the cocaine that was attributed to him at his federal sentencing. The fact that petitioner's state and federal offenses occurred within the same general time frame is not alone sufficient to establish that his state offense constituted conduct that was part of his federal offense. See United States v. Escobar, ___ _____________ _______ 992 F.2d 87, 90 (6th Cir. 1992); United States v. Kerr, 13 ______________ ____ F.3d 203, 205-06 (7th Cir. 1993), cert. denied, 114 S. Ct. _____ ______ 1629 (1994). Thus, to the extent that petitioner's ineffective assistance claim is based on this factual allegation, it is plainly inadequate. Petitioner's claim that the cocaine from his prior state conviction was included in the quantity of cocaine that was attributed to him at his federal sentencing is conclusively refuted by the record. The presentence report (PSR, 7A) discloses that the two eight-ounce cocaine purchases upon which petitioner's sentence was based occurred in April and November of 1989. Petitioner's state conviction was based on the seizure of approximately five grams of cocaine from petitioner's home on March 2, 1989. See State v. Lavigne, 588 A.2d 741, 743 ___ _____ _______ (1991). Obviously the cocaine that was seized in petitioner's home in March 1989 could not have been included in either of the two eight-ounce purchases that he made the -4- 4 following April and November. Thus, petitioner's contrary claim is conclusively refuted by the record.  As petitioner's claim that the cocaine from his prior conviction was included in the quantity attributed to him at his federal sentencing is conclusively refuted by the record, and petitioner has not alleged sufficient facts that otherwise support his claim that his state offense was part of the conduct that led to his federal conviction, petitioner has failed to show that counsel rendered ineffective assistance by failing to object to the inclusion of his prior sentence in his criminal history score under U.S.S.G.  4A1.2(a)(1) and by failing to seek a sentence reduction under U.S.S.G. 5G1.3(b), n.3. See Barrett v. United States, 965 ___ _______ _____________ F.2d 1184, 1186 (1st Cir. 1992) (summary dismissal is proper where a 2255 motion is inadequate on its face, or is conclusively refuted as to the alleged facts by the files and records of the case, or where the alleged grounds for relief are based on bald assertions without sufficiently particular and supportive factual allegations); Acha v. United States, ____ ______________ 910 F.2d 28, 30 (1st Cir. 1990) (court of appeals may affirm on any ground supported by the record).  2. Petitioner contends that the district court erred in denying his Rule 60(b)(6) motion because defense counsel failed to discuss his intent to seek a minor participant adjustment with him and further failed to inform -5- 5 petitioner that he had the right to appeal the district court's adverse ruling on this issue. We review the denial of Rule 60(b) motions only for abuse of discretion. See ___ Hoult v. Hoult, 57 F.3d 1, 3 (1st Cir. 1995). "[A]bsent _____ _____ exceptional circumstances, motions under Rule 60(b)(6) must raise issues not available to the moving party before final judgment entered." Vasapolli v. Rostoff, 39 F.3d 27, 37 n. 8 _________ _______ (1st Cir. 1994)(citations omitted). Petitioner has not alleged any good reason why these ineffective assistance claims could not have been raised in his original 2255 motion.1 Thus, the district court did not abuse its discretion in denying the Rule 60(b)(6) motion.  As petitioner has not raised any meritorious arguments, the judgment dismissing his 28 U.S.C. 2255 motion is affirmed. The order denying his Rule 60(b)(6) motion also ________ is affirmed. See Local Rule 27.1. ________ ___  ____________________ 1. Petitioner contends that exceptional circumstances are present because he did not receive the government's opposition to his 2255 motion until recently. Even if that is so, we fail to see how that prevented petitioner from cataloging counsel's alleged errors in his original motion. Moreover, petitioner failed to raise this argument below, therefore it is not properly before us.  -6- 6