77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl HILL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1860.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Earl Hill, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hill was named in seven counts of a multi-defendant, 40-count indictment relating to a cocaine and heroin distribution enterprise that operated in the metropolitan Detroit area from January 1980 through November 1988. He pled guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846 and was sentenced on October 17, 1989, to 135 months in prison and three years of supervised release. He did not file a direct appeal.
 
 
 3
 In his motion to vacate, Hill presented two grounds for relief: (1) his criminal history category was erroneously calculated because of the inclusion of a 1983 New York drug conviction, and (2) counsel rendered ineffective assistance for failing to object to or appeal the inclusion of the state drug conviction in his criminal history score. The district court summarily denied Hill's motion on the authority of United States v. Escobar, 992 F.2d 87, 89 (6th Cir.1993), in an opinion and order entered on June 8, 1995. Hill timely moved to alter or amend the judgment (properly construed as a motion to reconsider), claiming that Escobar was overruled by Amendment 493, effective November 1, 1993, to the applicable sentencing guideline. The district court denied reconsideration in an opinion and order entered on July 16, 1995, after concluding that Amendment 493 had no bearing on the Escobar holding.
 
 
 4
 On appeal, Hill continues to argue the merits of his grounds for relief. In a supplemental brief, he asserts that the district court erred in summarily denying his motion without an evidentiary hearing.
 
 
 5
 Upon review, we affirm the district court's order. In order to warrant relief under § 2255 on the basis of a nonconstitutional error, the record must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). To warrant relief on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the outcome of the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, ----, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Hill has not met this standard for the reasons stated by the district court.
 
 
 6
 Furthermore, the district court did not err by denying Hill's motion without an evidentiary hearing pursuant to Rule 4(b). Rules Governing Section 2255 Proceedings. An evidentiary hearing need not be conducted on a § 2255 motion to vacate if the files and records of the case conclusively show that the petitioner is not entitled to relief. Todaro, 982 F.2d at 1028; Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). Such is the case here.
 
 
 7
 Accordingly, the district court's order, entered on June 8, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.