81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin L. GILES, Jr., a.k.a. Smitty, Defendant-Appellant.
 No. 92-1838.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1996.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge and DOWD,* District Judge.
 
 ORDER
 
 2
 Benjamin L. Giles, Jr., appeals a district court judgment of conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, a jury convicted Giles of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Giles to 235 months of imprisonment and five years of supervised release and imposed a $50 special assessment. Giles filed a timely appeal.
 
 
 4
 In September 1994, Giles filed two separate pro se briefs raising the following issues: (1) whether the district court improperly admitted a videotape of a conversation between Giles's co-conspirators; (2) whether the district court improperly admitted evidence of a co-conspirator's arrest; (3) whether the district court improperly instructed the jury on the elements of conspiracy; and (4) whether the district court should have required the jury to return a special verdict specifying the controlled substances that were the object of the conspiracy. This court subsequently appointed counsel for Giles. In his brief, counsel raised these additional issues: (5) whether sufficient evidence existed to support Giles's conviction; (6) whether the district court improperly admitted the statements of Giles's co-conspirators; (7) whether Giles was denied a fair trial when the jury observed two of his co-defendants in handcuffs; and (8) whether the district court improperly calculated Giles's criminal history score. Counsel for both parties have waived oral argument.
 
 
 5
 Upon review, we determine that Giles's challenges to his conviction are meritless. The district court properly admitted the testimony of Giles's co-conspirators, as well as a videotape conversation between two co-conspirators. See United States v. Clark, 18 F.3d 1337, 1341 (6th Cir.), cert. denied, 115 S.Ct. 152 (1994). The district court also properly admitted evidence of a co-conspirator's arrest. The court properly instructed the jury on the charge of conspiracy. See United States v. Easley, 942 F.2d 405, 411 (6th Cir.1991). Further, the court was not required to obtain a special verdict from the jury specifying the controlled substances underlying Giles's conviction. Sufficient evidence supports Giles's conviction. See United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994). Giles has not demonstrated that the jurors' alleged viewing of co-defendants in handcuffs was inherently prejudicial or caused actual prejudice. See United States v. Barger, 931 F.2d 359, 371 (6th Cir.1991).
 
 
 6
 We also conclude that the district court properly sentenced Giles. At the sentencing hearing, the district court concluded that Giles's relevant conduct under the Sentencing Guidelines included at least 15 kilograms of cocaine, but less than 50 kilograms of cocaine. The resulting base offense level was 34. See USSG § 2D1.1. With a two level increase for being an organizer or leader of the criminal activity pursuant to USSG § 3B1.1, Giles's total offense level was 36. (We note that, although Giles's judgment of conviction and sentence erroneously indicates that Giles's total offense level was 34, the sentencing transcript clearly reflects that the district court determined that Giles's total offense level was 36.)
 
 
 7
 In calculating Giles's criminal history category, the district court relied on a June 22, 1989 sentence for driving with a suspended license and a July 8, 1991 sentence for possession of a controlled substance. Although these offenses were committed after the June 1987 commencement of the conspiracy of which Giles was convicted, they were, nonetheless, properly included as "prior sentences" under USSG § 4A1.2 because the chronology of sentencing controls, rather then the chronology of commission of the crimes. See United States v. Escobar, 992 F.2d 87, 89 n. 2 (6th Cir.1993); United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir.1992). Further, the district court properly included the conviction for driving with a suspended license since Giles was sentenced to one year of probation. See USSG § 4A1.2(c)(1). With an additional conviction for breaking and entering and the inclusion of two points for committing the instant offense while on probation, Giles had five criminal history points, which placed him in criminal history category III. Giles's total offense level of 36 and criminal history category of III resulted in a guideline range of 235 to 293 months (as is correctly reflected in the judgment of conviction and sentence). The district court sentenced Giles at the bottom of that range.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation