83 F.3d 423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald KILLINGBECK, Defendant-Appellant.
 No. 95-1583.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 
 ORDER
 
 1
 This federal prisoner appeals his sentence after he pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and using a firearm during a drug transaction in violation of 18 U.S.C. § 924(c)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Donald Killingbeck pleaded guilty pursuant to a negotiated Fed.R.Crim.P. 11 plea agreement and the district court sentenced him to serve 120 months in prison for conspiring to distribute cocaine and 60 months in prison for using a firearm during a drug trafficking crime. The district court also fined Killingbeck $6,250 on each count and ordered him to spend five years on supervised release. Killingbeck appeals his sentence.
 
 
 3
 In his timely appeal, Killingbeck argues that: 1) the district court erred in assessing a two point enhancement for his role in the offense; and 2) the district court improperly calculated his criminal history.
 
 
 4
 Killingbeck argues that his sentence should not have been enhanced by two levels on the basis that he played a leadership, managerial, or supervisory role in the offense. The court applies a clearly erroneous standard of review to a district court's findings of fact which underlie the application of a guideline. United States v. Jackson, 25 F.3d 327, 331 (6th Cir.), cert. denied, 115 S.Ct. 334 (1994); United States v. Williams, 962 F.2d 1218, 1226-27 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). The district court's enhancement of a defendant's base offense level due to his alleged leadership role must be supported by findings regarding the factors mentioned in the guidelines. USSG § 3B1.1, comment. (n. 4) (1994). The findings must also be supported by the preponderance of the evidence. United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990).
 
 
 5
 Sufficient evidence supports the district court's conclusion that Killingbeck was a leader of a group of people who conspired to distribute cocaine. Section 3B1.1(c) of the Sentencing Guidelines provides that a person who is an organizer, leader, manager, or supervisor in any criminal activity should be given a two level increase for his role in the offense. The application notes provide that the court should consider the defendant's exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n. 4); Jackson, 25 F.3d at 331.
 
 
 6
 Killingbeck admitted that he was aware of the interstate scope of the illegal activity. He also admitted that he recruited accomplices, and that he had an extensive list of persons who acted as drug redistributors on a consignment basis. Furthermore, sufficient evidence exists to show that Killingbeck was the conspiracy's largest investor and largest drug customer. Killingbeck raised the initial "buy" money, and when cocaine was purchased in Florida and brought to Michigan, Killingbeck received the lion's share of the shipment. Killingbeck was consulted on one occasion before a trip to Florida, and he occasionally provided an automobile for the courier to drive. Furthermore, Killingbeck personally performed "cover" surveillance. In light of the foregoing evidence, the district court did not commit clear error in determining that Killingbeck enjoyed a supervisory or managerial role in the conspiracy to distribute cocaine.
 
 
 7
 The district court properly calculated Killingbeck's criminal history score. Killingbeck claims that the district court improperly added three points to his criminal history score on the basis of a November 24, 1971 conviction for attempted breaking and entering. This court reviews for clear error factual findings made by the district court in imposing guideline sentences, and gives due deference to the district court's application of the guidelines to those facts. United States v. Escobar, 992 F.2d 87, 89 (6th Cir.1993). In order to determine the commencement date of the offense of conviction, the court considers the principles of relevant conduct. USSG §§ 4A1.2, comment. (n. 8); 1B1.3. Any prison sentence that is imposed within fifteen years prior to the commencement of the instant offense may be included in the defendant's criminal history score. USSG § 4A1.1 comment. (n. 1). The district court concluded that Killingbeck's 1971 conviction was within fifteen years of the onset of defendant's drug trafficking activities with co-defendant Clyde Cummings, the latter activity falling within the standards set forth in § 1B1.3(a)(1)(B). In other words, the district court concluded that Killingbeck and Cummings had been involved in drug trafficking since the mid-1980s and that their drug trafficking constituted relevant conduct to the offense of conviction. Thus, the court reasoned that Killingbeck's 1971 conviction for attempted breaking and entering was within fifteen years of the onset of Killingbeck's drug trafficking with Cummings.
 
 
 8
 The district court's criminal history calculation is not clearly erroneous. Loretta Elbers was one of the accomplices who Killingbeck recruited to help him traffic in drugs. She was also employed by Killingbeck at his used car lot. Elbers said that when she worked for Killingbeck in 1984, co-defendant Clyde Cummings was providing marijuana and cocaine to Killingbeck. Elbers also said that between the years of 1986 and 1990, Cummings and Killingbeck were involved in the same cocaine and marijuana trafficking. Killingbeck produced no evidence to the contrary. Thus, the district court's conclusion that relevant conduct existed prior to the expiration of the fifteen year period set out in USSG § 4A1.1 comment. (n. 1) was not clearly erroneous.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Killingbeck's motion to supplement his brief is denied.