**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William R. TILFORD, Defendant–**
**Appellant.**

No. 02–5971.

United States Court of Appeals,
Sixth Circuit.

Jan. 12, 2004.

James W. Powell, Richard Leigh Grinalds, Asst. U.S. Attorneys, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

M. Dianne Smothers, Asst. FP Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.[*]

CLAY, Circuit Judge.

Defendant was charged in count one with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); in count two with possession of a firearm in connection with a drug crime, in violation of 18 U.S.C. § 924(c); in count three with possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and in count four with knowingly receiving and possessing a firearm, in violation of 26 U.S.C. § 5861. Defendant pled guilty to the first and third counts and was sentenced to eighty months in prison on both counts, to be served concurrently. Defendant now appeals his sentence, arguing that it was improperly enhanced pursuant to U.S.S.G. § 4A1.2. For the reasons set forth below, we **AFFIRM** Defendant's sentence.

## BACKGROUND

### Procedural History

On December 17, 2001, a federal grand jury charged Defendant under a four-count indictment with knowing possession of a firearm, in violation of 18 U.S.C. § 922(g); knowing possession of firearm in connection with a drug crime, in violation of 18 U.S.C. § 924(c)(1)(2); knowing possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and knowingly receiving and possessing a firearm, in violation of 26 U.S.C. § 5861(d). On January 9, 2002, the probation officer recommended Defendant's sentence be increased three levels pursuant to U.S.S.G. § 4A1.2 because of a "prior sentence" he received in Texas for aiding and abetting with the possession with the intent to distribute marijuana.[1] On April 15, 2002, Defendant pled guilty to counts one and three and was sentenced to concurrent sentences on those counts of eighty months in prison and two years of supervised release. On motion of the United States, counts two and four were dismissed. On July 23, 2003, Defendant appealed his sentence to this Court, claiming his sentence should not have been increased three levels under the sentencing guidelines.

### Facts

On June 19, 2001, Drug Enforcement Administration ("DEA") agents arrested an individual named Sidney Thomas Fondren in Texas and found 125 pounds of marijuana in his vehicle. Mr. Fondren advised officers that he was en route to deliver the marijuana to Defendant at the latter's residence in Tennessee. A magis-

---

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

[1] Defendant's pre-sentence report discloses that he was sentenced to "33 months in prison, followed by three years of supervised release and a $100 special assessment" in a federal court in Texas for "Aiding and Abetting the Possession With Intent to Distribute a Quantity of Marijuana." (J.A. at 51).

trate judge issued an arrest warrant for Defendant charging him with aiding and abetting the possession with intent to distribute an illicit substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On June 20, 2001, DEA agents went to Defendant's residence to execute the arrest warrant. Upon their arrival, agents discovered Defendant sitting on the steps of his porch with a loaded .45 caliber pistol in his waistband. That same day agents obtained a search warrant for Defendant's residence and discovered forty-three firearms and ammunition. A criminal background check revealed Defendant had been convicted in California of a felony involving illicit drugs. Specialists from the U.S. Bureau of Alcohol, Tobacco and Firearms conducted tests on the weapons and determined several were machine guns and others were semiautomatic weapons.

On January 9, 2002, Defendant was sentenced in a federal court in Texas after being found guilty of aiding and abetting with the possession with the intent to distribute marijuana. In Defendant's presentence report, it was noted that his federal conviction in Texas "did not recognize the possession of a firearm as being part of the Defendant's federal case in the district, as no enhancement for the possession of the firearm ... was applied." (J.A. at 58). On April 25, 2002, Defendant pled guilty to being a convicted felon in possession of forty-three firearms and guilty of possession of three of those firearms that were semi-automatic rifles converted into machine guns. A probation officer found Defendant's conviction in Texas constituted a separate offense, pursuant to section 4A1.2 of the sentencing guidelines that should result in three points added to Defendant's base sentence. The district court agreed with the probation officer that the Texas crime was a separate crime and Defendant was sentenced to concurrent sentences of eighty months on the charges on which he pled guilt.

## DISCUSSION

### Standard of Review

We review a district court's application of the sentencing guidelines under a two-tier standard. A district court's application of the guidelines to the facts of a case will not be reversed unless clearly erroneous. *See United States v. Webb*, 335 F.3d 534, 537 (6th Cir.2003); *United States v. Lang*, 333 F.3d 678, 682 (6th Cir.2003). However, a district court's literal interpretation of the guidelines is a question of law reviewed *de novo*. *See United States v. Stewart*, 306 F.3d 295, 331 (6th Cir.2002), *cert. denied sub. nom., Benford v. United States*, 537 U.S. 1138, 123 S.Ct. 930, 154 L.Ed.2d 832 (2003).

### Analysis

Chapter Four, Part A of the sentencing guidelines announces methods for computing a defendant's criminal history. To compute a defendant's criminal history category, chapter four permits "3 points [to be added] for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1.(a). The guidelines define "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Application note one further explains that

[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was a part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provi-

sions of § 1B1.3." U.S.S.G § 4A1.2. cmt. n. 1.

Relevant conduct under § 1B1.3 refers to the factors used in chapter four to calculate a defendant's criminal history category. *See* U.S.S.G. §§ 4A1.1 and 4A1.3.

This framework established, Defendant asks us to reverse the district court's finding that Defendant's aiding and abetting offense in Texas was not related to his weapons possession offense in Tennessee. Defendant argues that his possession of the firearm in Tennessee was a specific offense characteristic of the drug trafficking offense in Texas and should not be considered a "prior sentence" under the sentencing guidelines. In *United States v. Beddow*, 957 F.2d 1330 (6th Cir.1992), we explained that whether conduct "is part of the instant offense" for the purpose of calculating a defendant's criminal history depends on whether a defendant's conduct is "severable into two distinct offenses." *Id.* at 1338. The defendant in *Beddow* was convicted in federal court of conspiracy to possess and distribute cocaine, money laundering, and income tax evasion for conduct that occurred throughout 1986 and 1987. *Id.* at 1332. In November 1988, undercover officers seized emeralds the defendant attempted to sell illegally and simultaneously retrieved a weapon hidden on the defendant. *Id.* at 1333. A Michigan state court convicted the defendant for carrying a concealed weapon. *Id.* At defendant's federal sentencing, the district court included the defendant's state court conviction to calculate his criminal history. *Id.* at 1334. Defendant argued his state conviction was a sentence related to his federal sentence and not a prior sentence under § 4A1.2(a)(1). *Id.* at 1337.

Rejecting the defendant's argument that his state court conviction was a "related case" to his federal money laundering case, we reasoned that the state and federal crimes were distinct because "they involved different criminal conduct that harmed different societal interests." *Id.* at 1339. As to whether conduct is part of the instant offense under § 4A1.2, we stated that the defendant's act of carrying a concealed weapon was "conduct severable from his money laundering offenses." *Id.* at 1338. Interpreting the "prior sentence" language of Application Note one of § 4A1.2, we further observed that the "chronology of sentencing rather than the commission of the crimes [is] controlling." *Id.* at 1337 (internal citations omitted). The *Beddow* court also observed that the defendant transported the emeralds into this country six months before he was caught with a gun transporting the emeralds, thereby rendering the two crimes distinct and not related for calculation of defendant's criminal history. *Id.* at 1339; *see also United States v. Escobar*, 992 F.2d 87, 89–90 (6th Cir.1993) (applying *Beddow* and finding the defendant's prior state conviction was "not part of the instant offense" because it was not charged in the federal indictment); *accord United States v. Hicks*, 4 F.3d 1358, 1362–63 (6th Cir. 1993).

Defendant correctly points out that under *United States v. Fitch*, 282 F.3d 364 (6th Cir.2002), "relevant conduct" under § 1B1.3 of the guidelines refers to factors that determine a guideline range for calculation of a defendant's criminal score. Citing *United States v. Miller*, 910 F.2d 1321, 1327 (6th Cir.1990) and *United States v. Barrett*, 933 F.2d 355, 361 n. 4 (6th Cir. 1991), Defendant contends that § 1B1.3 "requires [a] district court to consider uncharged relevant conduct." (Defendant's Br. at 12–13). *Barrett* and *Miller* are inapposite because the uncharged conduct in those cases was unquestionably related to the respective defendant's sentence and the only issue presented then was whether

the related uncharged conduct should have been considered in determining each defendant's respective sentence. *See Miller,* 910 F.2d at 1327–29; *Barrett,* 933 F.2d at 362–63. In the instant case, however, whether Defendant's aiding and abetting conduct in Texas was related to his possession of a firearm in Tennessee is a disputed issue that must be determined before the propriety of Defendant's sentence can be determined.

Applying the foregoing principles, we agree with the district court that Defendant's Texas conviction for aiding and abetting was not a part of his weapons possession charge in Tennessee. Just as the defendant's carrying of a concealed weapon in *Beddow* was severable from his money laundering offense, so too is Defendant's aiding and abetting conviction in Texas severable from his possession of a firearm in Tennessee. The crime of aiding and abetting a drug offense and the crime of possessing an illegal weapon "involve[s] different criminal conduct that harmed different societal interests." *Beddow,* 957 F.2d at 1339. On January 9, 2002 Defendant was convicted of aiding and abetting the possession with intent to distribute marijuana. On July 22, 2002, Defendant was sentenced pursuant to his guilty pleas for unlawful possession of a machine gun and possession of a firearm by a convicted felon. Regarding what constitutes a "prior sentence" under § 4A1.2, *Beddow* indicates that the "chronology of [Defendant's] sentencing is controlling, *rather than the commission* [of the crime(s)]." *Id.* at 1337 (emphasis added). In this case, Defendant's Texas sentence occurred prior to his sentence on the weapons charges, making his Texas sentence a "prior sentence" under § 4A1.2 of the guidelines. The district court properly accepted the probation officer's recommendation that the Texas aiding and abetting offense constituted a prior sentence.

## CONCLUSION

For the reasons stated, we **AFFIRM** the district court's sentence of Defendant under § 4A1.2 of the sentencing guidelines.