**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark Anthony HOPSON,
Defendant–Appellant.**

**No. 93–1957.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 28, 1993.

Decided March 9, 1994.

Mel S. Johnson, Asst. U.S. Atty. (argued), Milwaukee, WI, for plaintiff-appellee.

Catherine M. Canright (argued), Milwaukee, WI, for defendant-appellant.

Before COFFEY and ROVNER, Circuit Judges, and WILL, District Judge.*

WILL, District Judge.

Mark Anthony Hopson was charged with conspiring to distribute cocaine. Subsequently, he pleaded guilty to this charge and was sentenced to seventy months of imprisonment. In determining Hopson's sentence, the district court increased his criminal history category, finding that his prior state misdemeanor conviction for cocaine possession was not part of the conspiracy charge. Hopson appeals this upward departure, claiming that his state conviction was related to the conspiracy charge. For the following reasons, we affirm the district court.

## I.

### BACKGROUND

The alleged conspiracy in this case involved, among other things, the distribution of cocaine by Hopson and his brothers to various other drug dealers. The conspiracy existed from January 1, 1986 through July 1, 1989. Shortly before trial was scheduled to begin, Hopson pleaded guilty to the conspiracy charge.

Hopson's Presentence Investigation Report ("PSR") listed two prior drug-related convictions, both of which occurred during the time of the conspiracy. In 1987, Hopson was sentenced to a $250.00 fine for a state misdemeanor conviction of cocaine possession. In 1988, Hopson was sentenced to forty-two months in prison for possession of cocaine with intent to distribute. The PSR recommended a one point increase in Hopson's criminal history category for the first conviction, but did not recommend an increase for the second conviction, acknowledging that the second conviction was for conduct directly related to the conspiracy.

Hopson objected to the upward departure, arguing that he should not be assessed the one guideline point for the state misdemeanor conviction because at the time of his arrest he was "smack in the middle of the conspiracy." The government argued that it appeared Hopson was caught at the time of his 1986 arrest with a small amount of cocaine. They also noted that the conspiracy, on the other hand, involved the sale of large amounts of cocaine to other cocaine distributors,[1] not the sale of personal amounts to cocaine users. Furthermore, the government stated that it was not even aware of this earlier conviction until it read the PSR, that nothing in discovery indicated that it was going to rely on this conviction at trial,

---

* The Honorable Hubert L. Will, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. In the plea agreement, the parties agreed that the amount of cocaine attributable to Hopson for guideline sentencing purposes was between 3.5 and 5 kilograms. Further, at the plea hearing, the defendant stated that the amount of cocaine distributed during the conspiracy ranged from

ounces to two kilograms. At the same hearing, the government made an offer of proof naming several witnesses who were cocaine-dealing associates, customers, or suppliers. The offer of proof included information that a witness would testify that Hopson received up to one kilogram of cocaine at a time from a supplier. Hopson testified that the offer of proof was substantially correct.

and that it did not mention the misdemeanor conviction in its offer of proof.

The district court concluded that Hopson's prior misdemeanor conviction was a separate offense, unrelated to the conspiracy charge, and therefore adopted the PSR's recommended criminal history category. The court noted that it did not appear that the government would have used the misdemeanor conviction at trial because the misdemeanor charge related to possession for personal use as opposed to possession for distribution. The court further noted that Hopson had pleaded guilty just prior to trial and that none of the discovery suggested that the government planned to call any witnesses regarding that conviction. The court then stated, "This is a conspiracy to distribute cocaine, not a conspiracy for personal consumption. And the quantities are such that the court simply is not in a position to adopt the defendant's view that somehow this misdemeanor conviction ought not to be counted separate and apart from the offense that is before the court today." The court sentenced the defendant to seventy months of imprisonment.[2] Hopson timely appealed the district court's decision.

## II.

## DISCUSSION

■ Under the sentencing guidelines, a sentencing court must increase a defendant's base criminal history level for specified prior sentences. U.S.S.G. § 4A1.1. A prior sentence is defined as "any sentence previously imposed ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The sole issue on appeal is whether the district court erred in increasing Hopson's criminal history category from I to II after the court determined that Hopson's prior state misdemeanor conviction was not related to the conspiracy charge for which he was

being sentenced.[3] The parties agree that we review this issue for clear error.

■ Hopson argues that because the government did not establish by a preponderance of the evidence that his prior misdemeanor conviction was unrelated to the conspiracy charge, the district court violated his due process rights in assigning the extra guideline point. Under the Sentencing Guidelines, due process is satisfied when information relied upon during sentencing is proven by the preponderance of the evidence. *United States v. Ross*, 905 F.2d 1050 (7th Cir.), *cert. denied*, 498 U.S. 863, 111 S.Ct. 172, 112 L.Ed.2d 136 (1990).

■ The facts presented in the PSR showed that Hopson was convicted of the state misdemeanor charge of possession of cocaine and sentenced to a $250.00 fine. Hopson was arrested on December 2, 1986, in Milwaukee, Wisconsin, after a police officer found an unspecified amount of white powder inside a plastic bag and a paper bag in Hopson's pocket. PSR at 19. The powder, which was later determined to be cocaine, was found as part of a custodial search. Hopson pleaded guilty to the misdemeanor charge. The PSR also stated that starting in 1986 or 1987 Hopson began using cocaine. He was a heavy user of cocaine for about one year, usually using about one or two grams of cocaine each day. PSR at 27. At the sentencing hearing, neither the government nor Hopson presented any additional evidence which would have established a connection, or lack thereof, between the misdemeanor and the conspiracy. On appeal, we must determine whether, on these facts, the district court committed clear error in concluding that the misdemeanor conviction was unrelated to the conspiracy charge.

The court in *United States v. Escobar*, 992 F.2d 87 (6th Cir.1993), faced an almost identical factual situation. In *Escobar*, the defendant pleaded guilty to the charge of continu-

---

**2.** Both the district court and the government agreed that the second state conviction was for conduct constituting part of the conspiracy for which Hopson was being sentenced. Therefore, the court derived the seventy month sentence by starting with an eighty-seven month sentence, which was at the low end of the sentencing guideline range, and then subtracting the seven-

teen months the defendant had already served for the second conviction listed in the PSR.

**3.** It almost goes without saying that in the absence of the Sentencing Guidelines this appeal would not have been brought.

ing criminal enterprise, conspiracy to distribute cocaine, and other drug-related crimes. At sentencing, he argued that his prior state convictions for cocaine possession, both of which occurred during the time of the charged criminal enterprise, were part of the continuing criminal enterprise. The government took the contrary position, claiming that the convictions for possession of small amounts of cocaine were not related to the federal charges.

The court in *Escobar* stated,

the appropriate inquiry is whether the 'prior sentence' and the present offense involve conduct that is severable into two distinct offenses. This is necessarily a fact-specific inquiry that involves more than just a consideration of the elements of the two offenses. Factors such as the temporal and geographical proximity of the two offenses, common victims, and a common criminal plan or intent also must be considered.

*Id.* at 89 (quoting *United States v. Beddow*, 957 F.2d 1330, 1338 (6th Cir.1992) (citing *United States v. Banashefski*, 928 F.2d 349 (10th Cir.1991))) (citations omitted).

The court held that the district court was not in error in increasing the defendant's criminal history category, and specifically mentioned the following facts: the prior possession conviction was not mentioned anywhere in the indictment for the criminal enterprise charge, the prior possession need not have been proved as an element of any of the offenses to which the defendant pleaded guilty, and none of the specific acts forming the basis for the criminal enterprise charge occurred on the date of the prior offense.

This court addressed a similar factual situation in *United States v. Kerr*, 13 F.3d 203 (7th Cir.1993). Defendant Muschio pleaded guilty to conspiracy to distribute cocaine. During the time of the charged conspiracy, Muschio was arrested for delivering cocaine

and was convicted in state court. The district court considered this state conviction as a prior conviction for § 4A1.2 purposes and increased Muschio's criminal history category from I to II. As here, Muschio argued that the state conviction was part of the conspiracy because the state conviction occurred during the time of the charged conspiracy. This court affirmed. We noted that the defendant was arrested in Illinois while the conspiracy was centered in Wisconsin and the sale of cocaine was to a person not named in the indictment.[4] Finally, we stated that there was "no reason to believe that Muschio was denied the opportunity to show some relationship between the apparently independent offenses." *Id.* at 206.

Reviewing the facts in this case, several factors convince us that the district court was not clearly in error in concluding that the two offenses were unrelated. First, Hopson's misdemeanor charge was for possession of cocaine, not possession with intent to distribute. This indicates that at the time of his arrest, Hopson possessed a small quantity of cocaine. Second, the PSR indicates that Hopson was using cocaine at the time of his misdemeanor arrest. In fact, the PSR states that he was using cocaine daily, often consuming one or two grams per day. Thus, it would be reasonable to assume that the cocaine found in Hopson's pocket was a small amount of cocaine intended for personal use. Third, the evidence presented in the PSR and during the offer of proof convincingly demonstrated that the conspiracy to distribute involved the sale of larger amounts of cocaine to drug dealers. Fourth, the misdemeanor conviction was not mentioned in the indictment and, with the trial almost ready to commence at the time of the plea, the government had not planned on presenting any evidence or calling any witnesses regarding the state misdemeanor conviction.

---

4. In *Kerr*, we found compelling the fact that the offenses occurred in different states. Nevertheless, *Kerr* supports the holding in this case. For while geographic proximity is an important factor in determining whether offenses are related, we are persuaded by the Sixth Circuit that other factors are important as well. Once we consider additional factors such as common victims and

criminal intent, the offenses involved in *Kerr* appear more closely related than those in this case because in *Kerr* both offenses involved the distribution or sale of cocaine by the defendant to another person. In contrast, Hopson's federal offense involved a conspiracy to distribute cocaine to other cocaine dealers while his state conviction involved simple possession of cocaine.

■ Finally, once the government presented its view of the evidence, Hopson had several opportunities to rebut the government's conclusion that because the misdemeanor conviction involved a small amount of cocaine, it was for personal consumption but was not for sale. Hopson did argue that both offenses occurred during the same time and both involved cocaine. However, as in *Escobar* and *Kerr*, we are not willing to conclude that two offenses are related merely because they occurred during the same time period and involved the same substance. As the Sixth Circuit stated in *Escobar*:

> We can think of no justification for concluding that *any* cocaine possession [by the defendant] during the three-year time span of the criminal enterprise must automatically be considered as having been committed by him as part of or in furtherance of his criminal enterprise. Escobar's supervision of a criminal enterprise and conspiracy, formed for the purpose of distributing cocaine to others, is a distinct offense, severable from his possession of a small amount of cocaine, ostensibly for personal use, on one particular date not charged in the federal indictment.

*Escobar*, 992 F.2d at 90. Possession for personal use and distribution for further sale are offenses with different intended victims, criminal goals, and societal harms. While Hopson's argument that he was "smack in the middle of the conspiracy" at the time of his state arrest might establish that the cocaine involved in the offenses was related, it does not rebut the evidence indicating that the offenses involved widely divergent amounts of cocaine which were possessed for quite different reasons.

■ When reviewing for clear error, we will reverse the district court only if we are left with the definite and firm conviction that the court's factual determination was mistaken. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The district court determined that Hopson's state conviction was unrelated to the conspiracy charge after concluding that the first offense involved a small amount of cocaine not intended for resale, while the second offense involved the distribution of large amounts of cocaine to other drug dealers. On this record, we are not left with the conviction that the district court was mistaken.

■ Finally, defendant argues that this court should apply the rule of lenity to this case. The rule of lenity dictates that when a statutory ambiguity cannot be resolved through standard methods of interpretation, the ambiguity should be resolved in favor of the criminal accused. *See Chapman v. United States*, 500 U.S. 453, ——, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991); *United States v. Bass*, 404 U.S. 336, 347–48, 92 S.Ct. 515, 522–23, 30 L.Ed.2d 488 (1971). Throughout this appeal, Hopson asserts that § 4A1.2 of the Sentencing Guidelines is ambiguous. At issue in this case, however, is the district court's application of the Sentencing Guidelines to the facts, not the guidelines themselves. As a consequence, the rule of lenity does not apply.

## CONCLUSION

For the reasons articulated above, the sentencing decision of the district court is AFFIRMED.