64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee RANDOLPH, Defendant-Appellant.
 No. 95-6166.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, BARRETT, and EBEL, C.J.
 
 
 2
 The parties have not requested oral argument, and our examination of the briefs and record leads us to conclude oral argument will not aid in the disposition of this appeal. The cause is therefore submitted on the briefs.
 
 
 3
 The only question presented is whether the district court erred in determining defendant's sentence by imposing two criminal history points for convictions received by defendant in state court. We hold no error was committed and affirm.
 
 
 4
 On January 4, 1995, defendant, David Lee Randolph, pled guilty to one count of conspiracy to distribute cocaine base. The presentence investigation disclosed that Mr. Randolph had been sentenced on two occasions in state court for similar offenses. On December 7, 1992, he pled guilty in Creek County, Oklahoma District Court for delivery of a controlled drug and was sentenced to five years' probation. On April 29, 1993, Mr. Randolph was sentenced to five years' suspended sentence for possession of cocaine in Tulsa County District Court.
 
 
 5
 The sentencing court considered these state dispositions as "prior sentences" under U.S.S.G. 4A1.1(3) and added two points to defendant's criminal history calculus. The court also added an additional two points in accord with 4A1.1(4) because Mr. Randolph was under sentence for these offenses when he committed the offense of conviction.
 
 
 6
 Defendant objected to the additional criminal history points on the ground these were not prior sentences but rather were related offenses. The district court overruled the objection and defendant has appealed.
 
 
 7
 The contention that 4A1.1(3) was improperly employed is unsupported by any authority. Indeed, the contention flies in the face of 4A1.2(a)(1), which defines a prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."
 
 
 8
 Defendant does not argue his prior sentences were not the product of a guilty plea or trial or that the conduct of the prior offenses were part of a string of events which culminated in an unbroken chain with the "instant offense." His only contention is the prior offenses "occurred in the same geographical area" and "were the result of investigations into drug trafficking"; therefore, those offenses were part of the relevant conduct of the crime of conviction.
 
 
 9
 As we understand the unique contention, because the two state convictions were related to illegal activity surrounding cocaine substances and were committed in the vicinity of Tulsa, Oklahoma, they had to have been part of the relevant conduct of the crime of conspiracy to distribute cocaine base. Any support for his contention, however, is purely syllogistic.
 
 
 10
 The fallacy of defendant's argument lies in the absence of the "common scheme or plan" necessary to meet the test of commonality found in U.S.S.G. 1B1.3(a)(2). Defendant maintains the commonality exists because all the offenses revolved about cocaine substances, but that factor alone is not sufficient. There must also be a common scheme or plan involved in the offenses to constitute relevant conduct. U.S.S.G. 1B1.3(a)(2).
 
 
 11
 Defendant has shown us no facts indicating, for example, that his activities leading to his present conviction were part of the same scheme or plan as those leading to his April 1993 conviction for possession of cocaine. True enough, the presentence investigation report tends to show defendant made a persistent effort to maintain commerce in cocaine and cocaine base, but nothing implies he schemed to do so as part of the same planned venture. To suggest because defendant's criminality revolved around cocaine related substances is to suggest all crimes so centered, without a commonality of a scheme or plan, are relevant to each other. That suggestion surpasses the intent of 1B1.3(a)(2). Moreover, nothing we have said in United States v. Shewmaker, 936 F.2d 1124, 1129 (10th Cir.1991), cert. denied, 502 U.S. 1037 (1992), or any of our other cases relied upon by defendant indicate this limited commonality of criminal purpose meets the scheme or plan definition.
 
 
 12
 One other factor is also significant. Defendant offered no evidence to the district court in support of the commonality hypothesis he advocated. His objection was rooted in legal rationalization alone. Yet, the determination of commonality is a factual issue to be decided in the first instance by the district court. United States v. Kinney, 915 F.2d 1471, 1472 (10th Cir.1990). Nothing was proffered to the district court in this case upon which such a finding could have been made; therefore, the legal theory advanced here is without a basis in fact.
 
 
 13
 The simple reality is defendant's two prior state convictions meet the test of 4A1.1(c) and the district court properly followed its guide. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470