**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martin Fabian LEDESMA–DOMINGUEZ, Defendant–Appellant.**

**No. 94–2122.**

United States Court of Appeals, Tenth Circuit.

April 28, 1995.

Jana M. Miner, Asst. Federal Public Defender, Las Cruces, NM (Tova Indritz, Federal Public Defender), Albuquerque, NM, for defendant-appellant.

James D. Tierney, Supervisory Asst. U.S. Atty. (John J. Kelly, U.S. Atty.), Albuquerque, NM, for plaintiff-appellee.

Before BRORBY, J., Circuit Judge, and GODBOLD [1] and HOLLOWAY, Jr., Senior Circuit Judges.

GODBOLD, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. This case is therefore ordered submitted without oral argument.

Martin Ledesma–Dominguez was charged with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841. He filed a motion to suppress evidence and statements, which was denied. Pursuant to Fed.R.Crim.P. 11, Ledesma–Dominguez entered a conditional plea of guilty. He brings this appeal, alleging an erroneous denial of the motion to suppress and an infringement of his constitutional right to cross-examine witnesses. We affirm the judgment of the district court.

Ledesma–Dominguez entered a border patrol checkpoint just north of the New Mexico–Mexico border. While examining the car just ahead of Ledesma–Dominguez, a Border Patrol agent noticed suspicious behavior from Ledesma–Dominguez. He saw Ledesma–Dominguez yawn in a fake or nervous manner [2] and grip the steering wheel and act jittery. When Ledesma–Dominguez pulled up to the stop sign at the primary station, the agent asked him his citizenship status. Ledesma–Dominguez indicated that he was a U.S. citizen. The agent noticed a "masking odor" [3] emanating from the car. Ledesma–Dominguez produced a New Mexico title and proof of registration for the car, but he did not have any personal identification, asserting that his wallet had been lost. While still in the primary inspection area, the agent requested that Ledesma–Dominguez permit a canine inspection of the car, and he consented. At the secondary inspection area, the dog alerted to the smell of drugs. Ledesma–Dominguez was arrested and advised of his *Miranda* rights. A search of the vehicle disclosed several bundles of marijuana and a few different types of air freshen-

---

1. Senior Judge John C. Godbold, Eleventh Circuit Court of Appeals, sitting by designation.

2. In the official report, the agent described the yawn as "the same nervous yawn that my ex-wife displayed when I caught her being unfaithful."

3. A masking odor comes from a deodorizer or other spray used by drug couriers in an attempt to cover up the smell of illegal drugs.

ers. The total time for the questioning and inspection was approximately three minutes from the time questioning began in the primary area to the time the dog alerted.

■ The district court's findings of fact are reviewed for clear error, while the ultimate determination of reasonableness regarding Fourth Amendment issues is reviewed *de novo. U.S. v. Morales–Zamora,* 914 F.2d 200, 202 (10th Cir.1990). The evidence presented at a motion to suppress hearing is reviewed in the light most favorable to the district court's determination. *U.S. v. Walker,* 933 F.2d 812, 815 (10th Cir. 1991), *cert. denied,* 502 U.S. 1093, 112 S.Ct. 1168, 117 L.Ed.2d 414 (1992).

■ Our concern is with the application of the Fourth Amendment to the routine stop of a vehicle at a permanent checkpoint operated by the Border Patrol at a place away from the international boundary, the scope of questioning following the stop, and the subsequent search of the vehicle. These stops are made for the purpose of conducting routine and limited inquiry into residence status and customs matters. *U.S. v. Martinez–Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *U.S. v. Ludlow,* 992 F.2d 260, 263–64 (10th Cir.1993). They are selectively made for the sole purpose of a routine and limited inquiry that cannot feasibly be made of every motorist. *Martinez–Fuerte,* 428 U.S. at 560, 96 S.Ct. at 3084. The intrusion is minimal. *Id.* The stop is brief, and because of its public and relatively routine nature it should not be frightening or offensive. *Id.*

■ Initial questioning regarding citizenship and custom matters may be conducted at either the primary or secondary inspection areas without any individualized suspicion. *Id.* at 560–63, 96 S.Ct. at 3084–85. "[I]f questioning reasonably related to immigration and customs matters and the agent's observations indicates suspicious circumstances, further questioning as part of the routine permanent checkpoint inquiry is permissible as long as the duration of the detention remains brief." *Ludlow,* 992 F.2d at 264.

■ Ledesma–Dominguez was stopped at a permanent border patrol checkpoint. The stop was authorized, routine, nonintrusive and brief. He was asked whether he was a U.S. citizen and to produce some personal identification. When he could not produce any identification, he was asked for the registration and proof of ownership of the car, which he had stated was his. After observing nervous behavior and a masking odor and noting that Ledesma–Dominguez had no personal identification, the agent asked him if he would consent to a canine inspection of the car. Ledesma–Dominguez consented, and he was directed to the secondary inspection area. There the dog alerted to the smell of drugs. Ledesma–Dominguez was arrested and advised of his *Miranda* rights. The vehicle was searched and the marijuana and air fresheners were found.

■ Initial questioning concerned customs and immigration matters: citizenship, personal identification, registration and proof of ownership of the car. Suspicious circumstances surfaced. Absence of personal identification, appellant's nervous behavior, and the presence of the masking odor created not merely unarticulable, generalized suspicion but identifiable and articulable suspicion that a drug-related crime was being committed. The agent testified at the suppression hearing that masking odors emanated from the vehicle in about 90% of the marijuana seizures with which he was involved. The district court found the agent's testimony credible, a matter to be determined by the trial judge. *Walker,* 933 F.2d at 815.

Once the canine inspection revealed the presence of drugs, the search of the vehicle was constitutional.

The judgment of the district court is AFFIRMED.